**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID EARL HUNTERS, 12010351,** | ) | |
| **A/K/A DAVID EARL HUNTER,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:12-CV-2445-N** |
| | ) | |
| **CHIEF OF POLICE DAVID O. BROWN, ET AL.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the

United States District Court for the Northern District of Texas.  The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

I.      **FACTUAL BACKGROUND**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983.  He is proceeding *pro se* and

the Court has granted him leave to proceed *in forma pauperis*.  Defendants are Chief of Police

David O. Brown and police officers Kevin Williams and Melissa Anne Bruner.

Plaintiff argues he was unlawfully arrested in February, 2012, and that Officers Bruner

and Williams committed sexual assault when Officer Bruner searched inside Plaintiff's pants in

his genital and rectal area while he was being arrested.  He also states he was denied proper

medical care while in the Dallas County Jail.

On August 28, 2012, Plaintiff pled guilty to possession of a controlled substance and was

sentenced to 210 days in state jail.  He did not file an appeal.

On September 26, 2012, the Court sent Plaintiff a Magistrate Judge's Questionnaire seeking information about his claims.  On October 3, 2012, Plaintiff responded by stating he would not answer the Questionnaire.

## II.   DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).  Plaintiff has failed to provide answers to the Court's Questionnaire.  The use of questionnaires has been approved by the Fifth Circuit Court of Appeals.  *See Green v. Atkinson*, 623 F.3d 278, 280-81 (5th Cir. 2011) (citing *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994)).  Accordingly, Plaintiff's complaint should be dismissed for want of prosecution.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff's complaint be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

Signed this 14th  day of November, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**      Page 2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).